O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCO MURILLO, an individual; DWAYNE SCOTT, an individual; CAROL C. SCOTT, an individual; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA N.A., a National Association; MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC., a Delaware corporation; et al.,<br><br>Defendants. | Case No. CV 12-04507 DDP (JCGx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>[Dkt. Nos. 10, 11] |

Presently before the court are two motions filed by Defendants Bank of America NA, U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, NA (collectively, "Defendants"). Having considered the submissions of the parties, the court grants Defendants' Motion to Strike Portions of Plaintiffs' Complaint (Dkt. No. 11) and Defendants' Motion to Dismiss Case (Dkt. No. 10) and adopts the following order.

**I.   Motion to Strike**

Defendants seek to strike Plaintiffs' allegations regarding punitive damages, emotional distress, and attorneys' fees. (Mot. to Strike, pp. 3-7.)  Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9.  Additionally, Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. L.R. 7-12.

The hearing on Defendants' Motion to Strike was set for July 16, 2012.  Plaintiffs' opposition was therefore due by June 25, 2012.  As of the date of this Order, Plaintiffs have not filed an opposition, or any other filing that could be construed as a request for a continuance.  Accordingly, the court deems Plaintiffs' failure to oppose as consent to granting the Motion to Strike, and GRANTS the motion.  Plaintiffs' punitive damages, emotional distress, and attorneys' fees allegations are STRICKEN from the complaint.

**II.   Motion to Dismiss**

Defendants also seek to dismiss Plaintiffs' entire complaint on several grounds. (Mot. to Dismiss at 2-3.)  Plaintiffs, represented by counsel, timely opposed the Motion to Dismiss.  Plaintiffs' opposition, however, fails to address the substance or merits of Defendants' contentions.  Conclusory assertions aside, Plaintiffs' opposition instead requests and argues that Plaintiffs

be granted leave to amend the complaint.[1]  Indeed, Plaintiffs indicate a desire to amend the complaint no less than ten times over the course of a three page opposition.

Given Plaintiffs' failure to address the substance of the Motion to Dismiss and acknowledgement that the complaint "should be further refined" (Opp. at 4), the Motion to Dismiss is GRANTED. The court also, however, grants Plaintiffs leave to amend.  As Plaintiffs implicitly recognize, the complaint remains cluttered with irrelevancies following the court's earlier dismissal of the majority of plaintiffs originally named in the complaint.  (Dkt. No. 9; Mot. at 4).  Furthermore, despite the parties' various attempts to meet and confer regarding the Motion to Dismiss and potential amendment of the complaint, no meeting appears to have occurred.  See C.D. Cal. L.R. 7-3.

For these reasons, Defendants' Motion to Strike is GRANTED. Defendants' Motion to Dismiss is GRANTED, with leave to amend.  Any amended complaint filed in accordance with this order shall be filed within ten days of the issuance of this order.

IT IS SO ORDERED.

Dated: August 2, 2012

DEAN D. PREGERSON
United States District Judge

---

[1] For example, despite Defendants' reference to California Civil Code section 2924(a)(1) and <u>Gomes v. Countrywide Home Loans, Inc.</u>, 192 Cal. App. 4th 1149 (2011), Plaintiffs assert, without any citation to authority, that "[o]ne who does not own any interest in a mortgage cannot be a 'beneficiary' entitled to initiate a nonjudicial foreclosure." (Opp at 4.)

3