O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCO MURILLO, an individual, | Case No. CV 12-04507 DDP (JCGx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| BANK OF AMERICA N.A., a National Association; MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC., a Delaware corporation; WELLS FARGO BANK N.A. dba AMERICA'S SERVICING COMPANY, a National Association; et al., | [Dkt. Nos. 24 and 25] |
| Defendants. | |

   Plaintiff obtained a mortgage loan for property located in San Bernardino, California.  Plaintiff's First Amended Complaint states six causes of action related to Plaintiff's allegation that Defendants wrongfully foreclosed upon Plaintiff's property. Defendants now move to dismiss the First Amended Complaint.  Having considered the submissions of the parties, the court grants the motion.

## II. Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

"When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009); Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 579 (1984) ("A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."). The tender requirement spares courts from being called upon to "order a useless act performed" in cases where plaintiffs would be unable, even under proper sale procedures, to redeem a property. FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021-22 (1989).

The FAC does not allege that Plaintiff has tendered or has offered to tender the amount owed. Plaintiff, represented by counsel, correctly points out that the tender rule is not absolute.[1] (Opp. at 9.) Indeed, an equitable exception may apply where it would be inequitable to require tender. Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997). Plaintiff does not, however, provide any explanation why an equitable exception to the tender rule should apply in this case. Instead, Plaintiff cites to Bank of America, N.A. v. La Jolla Group II, 129 Cal. App. 4th 706 (2005). In that case, the court invalidated a foreclosure that took place after the borrower tendered the amount due and cured the

---

[1] Plaintiff does not include a table of authorities, but appears to cite Dimock v. Emerald Properties, LLC, 81 Cal. App. 4th 868 (2000), albeit by the wrong name.

3

default. <u>La Jolla</u>, 129 Cal. App. 4th at 712. To the extent Plaintiff argues that a foreclosure sale can be invalidated, Plaintiff is correct. (Opp. at 9-10). That principle, however, has little bearing on whether the particular fact of this case warrant an equitable deviation from the tender rule.

Plaintiff's opposition might be read generously to suggest that the tender rule does not apply where a foreclosure is void, and that foreclosure in this case is void. Granting Plaintiff the benefit of the doubt, he is correct insofar that tender is not required where a sale is void. <u>Tamburri v. Suntrust Mortgage, Inc.</u>, No. C-11-2899 EMC, 2011 WL 6294472 at *5 (N.D. Cal. December 15, 2011). The FAC, however, fails to allege any facts to support Plaintiff's allegation that the foreclosure sale was void in this case. The FAC alleges that Plaintiff's mortgage loan was secured by a Deed of Trust (FAC ¶ 8), but is silent as to the identity of the beneficiary or trustee.[2] The FAC then merely, and conclusorily, alleges that "Bank of American lacked the legal standing to use the nonjudicial foreclosure process." (FAC ¶ 57.)

Plaintiff is mistaken in his contention that "the allegation in the complaint that defendants did not possess the right to foreclose because it did not own the note is good against a Rule 12(b)(6) motion." (Opp. at 10.) First, as explained in this court's earlier order dismissing Plaintiff's original complaint, the right to foreclose is not limited to "owners" of a promissory note. California Civil Code § 2924(a)(1); <u>Gomes v. Countrywide</u>

---

[2] An Assignment of Deed of Trust in favor of Bank of America was recorder on October 21, 2009, approximately 20 months prior to the trustee's sale. (Defendants' Request for Judicial Notice, Exs. C, H.)

4

1  Home Loans, Inc., 192 Cal. App. 4th 1149, 1155 (2011).  Second, the
2  FAC's naked, unsupported assertion that Bank of America lacked
3  standing to foreclose is not entitled to the presumption of truth,
4  and cannot alone support a plausible claim that the foreclosure
5  sale was void.  Iqbal, 556 U.S. at 678-79.  Absent such a claim,
6  Plaintiff has presented no reason why the tender rule should not
7  apply.  Having failed to allege tender, Plaintiff's claims must be
8  dismissed.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  The Motion to Strike is VACATED.

IT IS SO ORDERED.

Dated: March 22, 2013

DEAN D. PREGERSON
United States District Judge

5